IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **YESICA ARMENDARIZ,** | 3:13-CV-00590-BR |
| Plaintiff, | |
| | OPINION AND ORDER |
| v. | |
| **ACE CASH EXPRESS, a foreign corporation, dba ACE CASH ADVANCE,** | |
| Defendant. | |

**JESSE L. BURGESS**
Burgess & Callahan
The Sentry Bldg
8532 N. Ivanhoe Street
Suite 205
Portland, OR 97203
(503) 569-7227

        Attorneys for Plaintiff

**TODD A. HANCHETT**
**JAMIE S. KILBERG**
Stoel Rives LLP
900 S.W. Fifth Avenue
Suite 2600
Portland, OR 97204
(503) 294-9454

        Attorneys for Defendant

1 - OPINION AND ORDER

**BROWN, Judge.**

This matter comes before the Court on Defendant's Motion (#12) to Strike First Amended Complaint, Defendant's Motion (#4) to Compel Arbitration and to Dismiss, and Plaintiff's Motion (#8) for Remand and Dismissal.  For the reasons that follow, the Court **DENIES** Defendant's Motion to Strike, **DENIES** Defendant's Motion to Compel Arbitration and to Dismiss, and **GRANTS** Plaintiff's Motion for Remand and Dismissal.

## BACKGROUND

The following facts are taken from Plaintiff's Complaint and the parties' materials filed in support of their Motions.

On March 10, 2009, Defendant Ace Cash Express hired Plaintiff Yesica Armendariz as a teller.

On November 28, 2011, Plaintiff executed an Arbitration Agreement that provides in pertinent part:

> In the event that differences arise involving
> legally recognized rights or obligations that
> cannot be resolved without the assistance of an
> outside party, you and ACE agree to resolve any
> all claims, disputes, or controversies arising out
> of or relating in any way to your employment with
> ACE, including the termination of your employment,
> exclusively by arbitration . . . .  Some, but not
> all, of the types of claims covered are:  . . .
> unpaid bonuses, wages, overtime, or other
> compensation.

Decl. of Jamie Kilberg, Ex. 1 at 1.

On March 15, 2012, Defendant terminated Plaintiff's

2 - OPINION AND ORDER

employment.

On March 5, 2013, Plaintiff filed a complaint against Defendant in Multnomah County Circuit Court in which Plaintiff brought claims for (1) failure to pay all wages due upon termination in violation of Oregon Revised Statute § 652.140; (2) failure to pay overtime wages in violation of Oregon Revised Statute § 653.055; and (3) failure to pay overtime wages in violation of Fair Labor Standards Act (FLSA), 29 U.S.C. § 207.

On March 8, 2013, Plaintiff served her complaint on Defendant.

On April 5, 2013, Defendant removed the matter to this Court on the basis of federal-question jurisdiction arising from Plaintiff's FLSA claim.

On April 12, 2013, Defendant filed a Motion to Compel Arbitration and to Dismiss.

On April 13, 2013, Plaintiff filed a First Amended Complaint in which she withdrew her claim for failure to pay overtime wages in violation of the FLSA and proceeds only on her state-law wage claims.

Also on April 13, 2013, Plaintiff filed a Motion for Remand and Dismissal in which she seeks an order remanding this matter to state court on the ground that this Court lacks jurisdiction because Plaintiff withdrew her federal claim in her First Amended Complaint.

3 - OPINION AND ORDER

On May 2, 2013, Defendant filed a Motion to Strike First Amended Complaint on the ground that Plaintiff's First Amended Complaint was untimely filed without leave of the Court or consent of Defendant.

The Court took the parties' Motions under advisement on May 20, 2013.

**STANDARDS**

I.  **Motion to Dismiss**

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic v. Twombly*, 550 U.S. 544, 545 (2007). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(quoting *Twombly*, 550 U.S. at 546). When a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 557).

The pleading standard under Federal Rule of Civil Procedure 8 "does not require 'detailed factual allegations,' but it

4 - OPINION AND ORDER

demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). *See also* Fed. R. Civ. P. 8(a)(2). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (citing *Twombly*, 550 U.S. at 555). A complaint also does not suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.

## II. Motion to Remand

28 U.S.C. § 1446(a) provides in pertinent part: "A defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal." 28 U.S.C. § 1446(b) provides in pertinent part: "The notice of removal of a civil action . . . shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."

A motion to remand is the proper procedure for challenging removal. *Babasa v. LensCrafters, Inc.*, 498 F.3d 972, 974 (9th Cir. 2007). The removal statute is strictly construed, and any doubt about the right of removal is resolved in favor of remand. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir.

2006). *See also Prize Frieze, Inc. v. Matrix, Inc.*, 167 F.3d 1261, 1265 (9th Cir. 1999), *overruled on other grounds by Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676 (9th Cir. 2006). The party seeking removal bears the burden of establishing by a preponderance of the evidence that all removal requirements are met. *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1021 (9th Cir. 2007). *See also Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004).

## **DEFENDANT'S MOTION (#12) TO STRIKE FIRST AMENDED COMPLAINT**

**I.   Standards**

Federal Rule of Civil Procedure 15(a)(1) and (2) provide:

> (a) Amendments Before Trial.
>
>> (1) Amending as a Matter of Course. A party may amend its pleading once as a matter of course within:
>>
>>> (A)  21 days after serving it, or
>>>
>>> (B)  if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
>>
>> (2) Other Amendments. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Federal Rule of Civil Procedure 12(b), (e), and (f) provide

6 - OPINION AND ORDER

for the following:  (1) motions to dismiss for lack of subject-matter jurisdiction, lack of personal jurisdiction, improper venue, insufficient process, insufficient service of process, failure to state a claim on which relief can be granted, and failure to join a party under Rule 19; (2) motions for a more definite statement, and (3) motions to strike.

## II. Analysis

Defendant moves to strike Plaintiff's First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(f) on the ground that Plaintiff did not seek leave of Court or obtain Defendant's consent before filing her First Amended Complaint.

Plaintiff asserts she was not required to seek leave of Court or consent from Defendant before she filed her First Amended Complaint because Plaintiff filed it within 21 days after Defendant served her with Defendant's Motion to Compel Arbitration and to Dismiss as permitted under Rule 15(a)(1)(B). Plaintiff concedes motions to compel arbitration are not specifically enumerated as motions to which Rule 15(a)(1)(B) applies, but notes numerous courts have concluded motions to compel arbitration are dispositive motions and/or responsive pleadings that allow for amendment of the initial pleading under Rule 15(a)(1)(B).  For example, in *Lopez v. American Express Bank, FSB*, the defendants filed a motion to compel arbitration. After the defendants filed their motion to compel arbitration,

the plaintiffs filed a first amended complaint without receiving leave from the court or obtaining consent from the defendants. No. 09-CV-07335 SJO, 2010 WL 2628659, at *2 n.4 (C.D. Cal. June 2, 2010). The court concluded the plaintiffs' first amended complaint controlled because "'[c]ourts have traditionally entertained certain types of pre-answer motions - such as a motion to compel arbitration - as sufficient responsive pleadings despite its absence from . . . Federal Rule of Civil Procedure 12(b), which concerns responsive pleadings.'" *Id.* (quoting *1 Foot 2 Foot Centre for Foot and Ankle Care, P.C. v. Davlong Bus. Solutions, LLC*, 631 F. Supp. 2d 754, 756 (E.D. Va. 2009)). The plaintiffs, therefore, were not required under Rule 15(a)(1)(B) to obtain leave of the court or consent from the defendants before filing their first amended complaint.

Similarly in *Fujitsu Limited v. Nanya Technology Corporation*, the court held the plaintiff was not in default because even though the plaintiff had not filed an answer, it had filed a motion to stay. No. C 06-6613 CW, 2007 WL 484789, at *5 (N.D. Cal. Feb. 9, 2007). The court found motions to stay are "outside the ambit of the Rule 12(b) motions that suffice as responsive pleadings[; however,] they are often considered by courts prior to the filing of an answer" and are sufficient to avoid entry of default. *Id.*

In *Sorensen v. Head USA, Incorporated*, the court denied the

8 - OPINION AND ORDER

plaintiff's motion for default judgment on the ground that even though the defendant did not file an answer, it filed a motion to stay and

> [w]hile a motion to stay is generally considered to be outside of the ambit of the Rule 12(b) motions that suffice as responsive pleadings, they are often considered by courts prior to the filing of an answer. *See, e.g., Butler v. Judge of United States District Court*, 116 F.2d 1013, 1015 (9th Cir. 1941); *Intec USA, LLC v. Engle*, No. 1:05cv468, 2006 U.S. Dist. LEXIS 24100, at *1 n.1 (M.D.N.C. Mar. 23, 2006); *Cunningham v. Posnet Services*, LLC, No. 4:05-cv-4191-JLF, 2005 U.S. Dist. LEXIS 34140, at *1-2 (S.D. Ill. Dec. 12, 2005); *Smith v. Pay-Fone Systems, Inc.*, 627 F. Supp. 121, 122-23 (N.D. Ga. 1985); *see also* 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1360 (3d ed. 2006)("A motion to stay also is not within the ambit of the defenses enumerated in Rule 12(b). Nonetheless, relying on their inherent power, federal courts often consider these motions in an effort to maximize the effective utilization of judicial resources and to minimize the possibility of conflicts between different courts."). Thus, while Defendant failed to file a responsive pleading, its motion to stay was a timely and proper filing.

No. 06cv1434 BTM (CAB), 2006 WL 6584166, at *1 (S.D. Cal. Oct. 13, 2006).

The Court finds these cases to be well-reasoned and adopts that reasoning. Relying on its inherent power, the Court concludes Defendant's Motion to Compel Arbitration and to Dismiss suffices as a "responsive pleading" to Plaintiff's Complaint or as an unenumerated motion under Rule 12(b), and, therefore, Plaintiff was permitted to file a First Amended Complaint

9 - OPINION AND ORDER

pursuant to Rule 15(a)(1)(B) without first obtaining leave of Court or consent of Defendant.

Accordingly, the Court **DENIES** Defendant's Motion to Strike First Amended Complaint.

### PLAINTIFF'S MOTION (#8) FOR REMAND AND DISMISSAL and DEFENDANT'S MOTION (#4) TO COMPEL ARBITRATION AND TO DISMISS

Plaintiff seeks an order remanding this matter to state court on the ground that this Court does not have jurisdiction because Plaintiff no longer asserts a federal claim in her First Amended Complaint.[1] Plaintiff is incorrect. The Ninth Circuit has made clear that "jurisdiction must be analyzed on the basis of the pleadings filed at the time of removal without reference to subsequent amendments. . . . Because of this rule, a plaintiff may not compel remand by amending a complaint to eliminate the federal question upon which removal was based." *Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers*, 159 F.3d 1209, 1213 (9th Cir. 1998)(citation omitted). Accordingly, Plaintiff's First Amended Complaint withdrawing her federal claim does not divest this Court of jurisdiction.

Nevertheless, the Ninth Circuit has also made clear that the

---

[1] Plaintiff alleges in her First Amended Complaint that she is a citizen of Oregon and Defendant is a foreign corporation. Plaintiff, however, does not allege there is over $75,000 in controversy. Accordingly, this Court does not have diversity jurisdiction over this matter under 28 U.S.C. § 1332.

10 - OPINION AND ORDER

district court may, in its discretion, remand or dismiss an action in which all federal claims have been withdrawn or dismissed. *See, e.g., Destfino v. Reiswig*, 630 F.3d 952, 957 (9th Cir. 2011)(the district court did not abuse its discretion when it declined to remand a matter to state court after all federal claims had been dismissed). Here this matter is in the early stages and has been pending in this Court for merely three months. In addition, the remaining claims in Plaintiff's First Amended Complaint only involve questions of state law and interpretation of the Arbitration Agreement based on state law to determine whether arbitration of those claims is required.

On this record and in the exercise of its discretion, the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining claims. The Court, therefore, must determine whether to dismiss this action or to remand it to state court.

The Supreme Court has expressed a preference for remand as opposed to dismissal when available because

> [a]ny time a district court dismisses, rather than remands, a removed case involving pendent claims, the parties will have to refile their papers in state court, at some expense of time and money. Moreover, the state court will have to reprocess the case, and this procedure will involve similar costs. Dismissal of the claim therefore will increase both the expense and the time involved in enforcing state law.

*Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 353 (1988). The

11 - OPINION AND ORDER

Court concludes in this case that judicial economy, convenience, fairness, and comity support remand of this matter to the state court rather than dismissal.

Accordingly, the Court **GRANTS** Plaintiff's Motion for Remand and **DENIES** Defendant's Motion to Compel Arbitration and to Dismiss.

## CONCLUSION

For these reasons, the Court **DENIES** Defendant's Motion (#12) to Strike First Amended Complaint, **DENIES** Defendant's Motion (#4) to Compel Arbitration and to Dismiss, **GRANTS** Plaintiff's Motion (#8) for Remand and Dismissal, and **REMANDS** this matter to the state court.

IT IS SO ORDERED.

DATED this 19th day of July, 2013.

/s/ Anna J. Brown

ANNA J. BROWN
United States District Judge

12 - OPINION AND ORDER